UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID E. DEWBERRY,

       Plaintiff,                    CIVIL ACTION NO. 06-12181

       v.                            DISTRICT JUDGE MARIANNE O. BATTANI

MICHIGAN BASIC PROPERTY       MAGISTRATE JUDGE VIRGINIA MORGAN
INSURANCE ASSOCIATION,

       Defendant.
_____/

**REPORT AND RECOMMENDATION
GRANTING DEFENDANT'S MOTION TO DISMISS**

      This matter is before the court on the motion of defendant Michigan Basic Property Insurance Corporation to dismiss the complaint. Plaintiff *in pro per* filed this civil action in 2006 alleging that in 1997, his home's roof was damaged as a result of a windstorm and lightning. He alleges that the repairs to the roof were not done properly and the chimney and gutter did not receive the repairs needed. Consequently, the home needed to be repainted. He states that he contacted FEMA to "see who is going to finish the work or solve the problem." Defendant submits that plaintiff does not allege any federal question jurisdiction nor does there appear to be diversity of citizenship, as both plaintiff and defendant are Michigan citizens, and that the complaint fails to meet the standard of Fed.R.Civ.Pro. Rule 8. Defendant also argues that even if the claim is construed as a breach of contract, it is barred by the applicable statute of

limitations.   For the reasons set forth in this Report, it is recommended that defendant's motion be granted and the case dismissed with prejudice.

Defendant first seeks dismissal on the grounds of FRCP 12(b)(1) and (6); that is, the court lacks jurisdiction and the complaint fails to state a claim upon which relief can be granted. Essentially, defendant argues that the absence of either direct or inferential allegations with a factual basis to sustain a recovery under some viable legal theory mandates dismissal.  The court agrees.

It must be recognized that where a plaintiff is pro se, courts hold that such complaints are to be liberally construed and not to be held to the same stringent standard as formal pleadings drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972).  These complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief.  Hughes v. Rowe, 449 U.S. 5, 10 (1980).  Courts are reluctant to dismiss on procedural grounds alone.  However, it is not the role of the court to guess the nature of the claim(s) asserted.  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).  Nuclear Transportation & Storage, Inc. v. United States, 890 F.2d 1348 (6th Cir. 1989); Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986).

The court has carefully examined the complaint and while it contains a reference to FEMA, it fails to identify any relevant statute or any specific references to conduct which could generate a federal claim or give rise to federal question jurisdiction.  Because plaintiff resides, according to the complaint, in Detroit, Michigan, and defendant is a statutorily created non-profit association that has its principal place of business in Michigan and conducts business in

Michigan, there is no diversity jurisdiction possible.  In addition, the allegations are not sufficiently specific to meet even the minimal standards of Rule 8.  The court could do no more than guess at the claims asserted and that is insufficient for plaintiff to prevail.

Further, even if the action should be construed to be one for an insurance claim under state law, it is barred by the statute of limitations.  As is discussed by defendant, Michigan courts apply various statutes of limitations depending on the nature of the dispute.  Here, there are not sufficient facts alleged to determine what statute of limitations would apply.  However, applying even the most generous six-year limitations provision of MCLA 600.5807(8), the complaint would have been untimely after July, 2003.

Plaintiff was ordered to respond to the Motion to Dismiss in July,2006.  He has not done so.  Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure:  "[f]or failure of the plaintiff to prosecute . . . a defendant may move for dismissal of any claim against him. . . ." In Link v. Wabash Railroad Company, 370 U. S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court interpreted Rule 41(b) as allowing the Courts to dismiss a complaint for lack of prosecution sua sponte.  See also, Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).  The Supreme Court in Link, supra, held that:

> "[N]either the permissive language of the Rule - which merely authorizes a motion by the defendant - nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of the Courts, acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."

Link, 370 U.S. at 629-630, 82 S.Ct. at 1388-1389.

The Supreme Court in Link, supra, further ruled that the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing in a lack of prosecution case would not necessarily render such a dismissal void. Link, 370 U.S. at 632, 82 S.Ct. at 1389. While the Court acknowledged that it is a fundamental requirement of due process that the opportunity to be heard upon proper notice be provided, this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. Link, 370 U.S. at 632, 82 S.Ct. at 1389. The Court reasoned that "[t]he adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." Link, 370 U.S. at 632, 82 S.Ct. 1390. In the case-at-bar, as in Link, supra, the plaintiff should have been aware of the consequences of his actions in failing to move this litigation forward since July, 2006.

It should be noted that the principle of allowing dismissal of a case for lack of prosecution is grounded in the interests of preventing undue delays, avoiding congestion of court calendars, and providing meaningful access for other prospective litigants to overcrowded courts. Link, 370 U.S. at 629-30, 82 S.Ct. at 1388. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2nd Cir. 1982).

Accordingly, it is recommended that the defendant's motion to dismiss be granted and case be dismissed with prejudice and without costs.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                        S/VIRGINIA M. MORGAN
                        VIRGINIA M. MORGAN
                        UNITED STATES MAGISTRATE JUDGE

Dated:  October 16, 2006

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on October 16, 2006.

                                           s/Kendra Byrd
                                           Case Manager to
                                           Magistrate Judge Virginia M. Morgan